**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>Jerome Capelton</u>

 v.            Civil No. 15-cv-24-JL

<u>United States</u>

### <u>REPORT AND RECOMMENDATION</u>

Jerome Capelton, a prisoner at the Federal Correctional Institution, Berlin, New Hampshire ("FCI Berlin"), has filed a petition for a writ of habeas corpus (doc. no. 1), pursuant to 28 U.S.C. § 2241, challenging his federal prison sentence. The matter is before this magistrate judge for preliminary review, to determine whether the petition is facially valid and may proceed. <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

### <u>Standard</u>

In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face and cognizable in a federal habeas action. <u>See</u> <u>McFarland v. Scott</u>, 512 U.S. 849, 856 (1994) ("Federal courts

1

are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."). When a habeas petitioner is proceeding pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Jerome Capelton was convicted of drug-related offenses on September 26, 2001, in the District of Massachusetts. See United States v. Capelton, 350 F.3d 231, 235 (1st Cir. 2003), cert. denied, 543 U.S. 890 (2004). On February 20, 2002, he was sentenced to 360 months in prison. See id. The First Circuit affirmed Capelton's conviction and sentence. See id. at 246. The trial court denied Capelton's motion for post-conviction relief under 28 U.S.C. § 2255, on July 15, 2011. See Capelton v. United States, No. 05-CV-30217-MAP, 00-CR-30027-MAP, 2011 U.S. Dist. LEXIS 76950, *7 (D. Mass. July 15, 2011).[1] Capelton did not raise the argument he presents in this petition in either his direct appeal or his § 2255 motion.

Prior to being transferred to FCI-Berlin, Capelton was incarcerated at FCI-Estill, in South Carolina. While there,

---

[1] The court notes that Capelton's name is incorrectly spelled as "Capleton" in the published opinion issued by the District of Massachusetts denying petitioner's § 2255 motion in that court.

Capelton filed a § 2241 petition in the District of South Carolina, asserting the same claims and arguments asserted in this action.  The District of South Carolina found that the petition was appropriately considered as a successive § 2255 petition, over which the District of South Carolina lacked jurisdiction, and dismissed Capelton's action without prejudice, and judgment entered.  See Capelton v. Warden of FCI-Eskill, No. 6:14-cv-1997-RBH (D.S.C. Nov. 18, 2014), ECF Nos. 20 and 21.  Capelton filed an appeal in the Fourth Circuit.  See Capelton v. Warden, No. 15-6021 (4th Cir. Jan. 6, 2015).  That appeal is still pending.[2]

Here, Capelton alleges that when he was sentenced in the District of Massachusetts, the court relied on a prior state conviction for larceny to categorize him as a career offender, and to significantly enhance his sentence.  Capelton asserts that, in light of Descamps v. United States, 133 S. Ct. 2276 (2013), his larceny conviction is no longer a qualifying predicate offense for career offender enhancement purposes, and that he is thus "innocent" of being a career offender, and should therefore be relieved of his "career offender" sentence

---

[2] Because the court recommends that the instant petition be dismissed for lack of jurisdiction, it need not address whether Capelton's petition would be subject to dismissal for abuse of the writ, as it duplicates claims raised and decided in the District of South Carolina.

3

enhancement.

## Discussion

### I. Savings Clause Jurisdiction

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over post-conviction proceedings challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255.  Section 2255(e), known as the "savings clause," preserves a limited role for the court in the district of a federal inmate's incarceration to exercise jurisdiction, under 28 U.S.C. § 2241, to consider a challenge to the validity of an inmate's detention.  See United States v. Barrett, 178 F.3d 34, 49 (1st Cir. 1999).  Section 2255(e) provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is <u>inadequate or ineffective to test the legality of his detention</u>.

Id. (emphasis added).  The issue of the adequacy and effectiveness of the § 2255 remedy in a case is jurisdictional, as the proper district for filing the petition depends on whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante. . . .

[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)). If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53. Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence." Trenkler, 536 F.3d at 99 (citation omitted).

Capelton's reliance on Descamps is misplaced, as Descamps clarified existing law; it did not change the law as it existed when Capelton filed his initial § 2255 motion. See Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015) ("Descamps clarified application of the modified categorical approach in light of existing precedent" (citing Descamps, 133 S. Ct. at

[P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original)). If nothing prevented the petitioner from raising his § 2241 claims in a first § 2255 motion, he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention. See generally Bryant, 738 F.3d at 1272; see also Barrett, 178 F.3d at 53. Recourse to the savings clause is allowed "in rare and exceptional circumstances, such as those in which strict adherence to AEDPA's gatekeeping provisions would result in a 'complete miscarriage of justice,'" such as cases involving a "credible allegation of actual innocence." Trenkler, 536 F.3d at 99 (citation omitted).

Capelton's reliance on Descamps is misplaced, as Descamps clarified existing law; it did not change the law as it existed when Capelton filed his initial § 2255 motion. See Ezell v. United States, 778 F.3d 762, 766 (9th Cir. 2015) ("Descamps clarified application of the modified categorical approach in light of existing precedent" (citing Descamps, 133 S. Ct. at

2283)); Chhabra v. Holder, 586 F. App'x 77, 78 (2d Cir. 2014) (summary order) (Descamps did not effect "fundamental change" in law). Where, as in Capelton's case, the petitioner missed an opportunity to present a claim in a prior § 2255 motion, any "ineffectiveness" of the § 2255 process "is due to him and not to § 2255." Barrett, 178 F.3d at 53 (citations and internal quotation marks omitted). Accordingly, Capelton has failed to show that the § 2255 remedy has been ineffective or inadequate in his case.

## Conclusion

For the foregoing reasons, the district judge should deny the petition (doc. no. 1) and dismiss the case for lack of jurisdiction. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the District Court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

June 3, 2015
cc: Jerome Capelton, pro se
    Seth R. Aframe, Esq.